NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-53-AB |
|---|---|
| Plaintiff, | STIPULATION AND APPLICATION FOR A PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY |
| v. | |
| EZEQUIEL CHRISTOPHER BARRAGAN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Damaris Diaz, and defendant EZEQUIEL CHRISTOPHER BARRAGAN ("defendant"), by and through his counsel of record, Deputy Federal Public Defender Christopher W. Dybwad, hereby stipulate and apply to the Court for the entry of the concurrently filed protective order pursuant to

Rule 16(d)(1) of the Federal Rules of Criminal Procedure.  The bases for this stipulation and application are as follows:

1.   Defendant is charged in the Indictment with violations of 18 U.S.C. § 2251(c) (production of child pornography abroad); 18 U.S.C. § 2423(b) (travel with intent to engage in illicit sexual conduct) and 18 U.S.C. § 2423(c) (engaging in illicit sexual conduct in foreign places).

2.   The government intends to produce to the "defense team" (defined as: counsel of record for defendant and any defense attorney, investigator, paralegal, assistant, or expert assisting counsel of record for defendant) materials related to witnesses and victims, which include identifying and personal information of witnesses and victims as well as sensitive information related to victims (collectively referred to as the "confidential materials").

3.   To serve the government's interest in protecting the identity, privacy, and safety of the witnesses and victims, but also to serve defendant's right to prepare an effective defense in this case, the parties stipulate to the entry of a protective order in this case that limits the dissemination and use by any person, including defendant, of the confidential materials.

4.   Accordingly, the government and defendant hereby stipulate and ask the Court to issue a protective order for discovery under the following terms:

   a.   The government shall label any materials subject to the protective order as "CONFIDENTIAL."

   b.   Defense counsel may provide access to, disclose the contents of, and show confidential materials to other members of the

defense team.  However, before doing so, defense counsel must first ensure that those members of the defense team review the protective order and agree to be bound by its terms.

      c.   Members of the defense team shall not show confidential materials, or disclose the contents of confidential materials, to anyone outside of the defense team, except the defendant.  The defense team agrees that defendant will not maintain possession of the confidential materials, though defendant may review the confidential materials in the presence of his defense team.

      d.   Members of the defense team shall maintain the confidential materials in a secure area and exercise reasonable care to ensure the confidentiality of the confidential materials.

      e.   The defense team shall use the confidential materials only for the purposes of this criminal case, which includes any appeal filed by defendant.  Defendant and his defense team further agree that within 90 days of the conclusion of this criminal action, including any appeal, the defense team shall either: (1) return the confidential materials to the government (including all copies) and all non-privileged notes, non-privileged memoranda, and other non-privileged documents containing information obtained from the confidential materials; or (2) destroy the confidential materials and certify in writing to counsel for the government that the confidential materials (including all copies) and notes, memoranda, and documents containing information obtained from the confidential materials have been destroyed.

///

      f.    Absent a separate order from the Court, the parties shall not file with the Court any document that contains confidential materials, or discloses the contents of confidential materials, unless the document is filed under seal.

    IT IS SO STIPULATED AND AGREED.

Dated: April 10, 2018          Respectfully submitted,

                                          NICOLA T. HANNA
                                          United States Attorney

                                          /s/ Damaris M. Diaz
                                          DAMARIS DIAZ
                                          Assistant United States Attorneys
                                          Attorneys for Plaintiff

Dated: April 10, 2018          *per email authorization 4/9/18*
                                          CHRISTOPHER W. DYBWAD
                                          Deputy Federal Public Defender
                                          Attorney for Defendant
                                          EZEQUIEL CHRISTOPHER BARRAGAN