1  NICOLA T. HANNA
United States Attorney
2  LAWRENCE S. MIDDLETON
Assistant United States Attorney
3  Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
4  Assistant United States Attorney
      1300 United States Courthouse
5      312 North Spring Street
      Los Angeles, CA 90012
6      Telephone: (213) 894-0302
      E-mail: Damaris.Diaz@usdoj.gov
7
Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,          No. CR 18-53-AB

12          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       EZEQUIEL CHRISTOPHER BARRAGAN
13              v.

14  EZEQUIEL CHRISTOPHER BARRAGAN,

15          Defendant.

16

17       1.    This constitutes the plea agreement between EZEQUIEL

18  CHRISTOPHER BARRAGAN ("defendant") and the United States Attorney's

19  Office for the Central District of California (the "USAO") in the

20  above-captioned case.  This agreement is limited to the USAO and

21  cannot bind any other federal, state, local, or foreign prosecuting,

22  enforcement, administrative, or regulatory authorities.

23                  RULE 11(c)(1)(C) AGREEMENT

24       2.    Defendant understands that this agreement is entered into

25  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

26  Accordingly, defendant understands that, if the Court determines that

27  it will not accept this agreement, absent a breach of this agreement

28  by defendant prior to that determination and whether or not defendant

1    elects to withdraw any guilty pleas entered pursuant to this

2    agreement, this agreement will, with the exception of paragraph 23

3    below, be rendered null and void and both defendant and the USAO will

4    be relieved of their obligations under this agreement.  Defendant

5    agrees, however, that if defendant breaches this agreement prior to

6    the Court's determination whether or not to accept this agreement,

7    the breach provisions of this agreement, paragraphs 26 and 27 below,

8    will control, with the result that defendant will not be able to

9    withdraw any guilty pleas entered pursuant to this agreement, the

10    USAO will be relieved of all of its obligations under this agreement,

11    and the Court's failure to follow any recommendation or request

12    regarding sentence set forth in this agreement will not provide a

13    basis for defendant to withdraw defendant's guilty pleas.

14    DEFENDANT'S OBLIGATIONS

15        3.    Defendant agrees to:

16          a.    At the earliest opportunity requested by the USAO and

17    provided by the Court, appear and plead guilty to Counts Two and

18    Three of the Indictment in United States v. EZEQUIEL CHRISTOPHER

19    BARRAGAN, CR No. 18-53-AB, which charge defendant with Travel with

20    Intent to Engage in Illicit Sexual Conduct and Engaging in Illicit

21    Sexual Conduct in Foreign Places, in violation of 18 U.S.C. §§

22    2423(b) and 2423(c).

23          b.    Not contest facts agreed to in this agreement.

24          c.    Abide by all agreements regarding sentencing contained

25    in this agreement and affirmatively recommend to the court that it

26    impose sentencing in accordance with paragraph 17 of this agreement.

27

28

1          d.    Appear for all court appearances, surrender as ordered

2    for service of sentence, obey all conditions of any bond, and obey

3    any other ongoing court order in this matter.

4          e.    Not commit any crime; however, offenses that would be

5    excluded for sentencing purposes under United States Sentencing

6    Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

7    within the scope of this agreement.

8          f.    Be truthful at all times with Pretrial Services, the

9    United States Probation Office, and the Court.

10         g.    Pay the applicable special assessments at or before

11   the time of sentencing unless defendant lacks the ability to pay and

12   prior to sentencing submits a completed financial statement on a form

13   to be provided by the USAO.

14         h.    Complete, under oath, the personal financial statement

15   provided by the government and submit to interviews by the U.S.

16   Probation Office regarding his capacity to satisfy any fines or

17   restitution.

18         i.    Expressly authorize the United States Attorney's

19   Office to immediately obtain a credit report on him in order to

20   evaluate his ability to satisfy any financial obligation imposed by

21   the Court.

22         j.    Agree to and not oppose the imposition of the

23   following conditions of probation or supervised release:

24              i.    Sex Offender Registration: Defendant shall

25   register as a sex offender, and keep the registration current, in

26   each jurisdiction where defendant resides, where defendant is an

27   employee, and where defendant is a student, to the extent the

28   registration procedures have been established in each jurisdiction.

3

1  When registering for the first time, defendant shall also register in

2  the jurisdiction in which the conviction occurred if different from

3  defendant's jurisdiction of residence.  Defendant shall provide proof

4  of registration to the Probation Officer within three days of

5  defendant's placement on probation/release from imprisonment.

6  ii.  Counseling: Defendant shall participate in a

7  psychological counseling and/or psychiatric treatment and/or a sex

8  offender treatment program, which may include inpatient treatment

9  upon order of the Court, as approved and directed by the Probation

10  Officer.  Defendant shall abide by all rules, requirements, and

11  conditions of such program, including submission to risk assessment

12  evaluations and physiological testing, such as polygraph and Abel

13  testing.  The Probation Officer shall disclose the presentence report

14  and/or any previous mental health evaluations or reports to the

15  treatment provider.  As directed by the Probation Officer, defendant

16  shall pay all or part of the costs of treating defendant's

17  psychological/psychiatric disorder(s) to the aftercare contractor

18  during the period of community supervision, pursuant to 18 U.S.C.

19  § 3672.  Defendant shall provide payment and proof of payment as

20  directed by the Probation Officer.

21  iii. Access to Materials: Defendant shall not view or

22  possess any materials, including pictures, photographs, books,

23  writings, drawings, videos, or video games depicting and/or

24  describing child pornography, as defined at 18 U.S.C. § 2256(8), or

25  sexually explicit conduct involving children, as defined at 18 U.S.C.

26  § 2256(2), or sexually explicit conduct involving adults, defined as

27  explicit sexually stimulating depictions of adult sexual conduct that

28  are deemed inappropriate by defendant's probation officer.  This

1  condition does not prohibit defendant from possessing materials

2  solely because they are necessary to, and used for, a collateral

3  attack, nor does it prohibit defendant from possessing materials

4  prepared and used for the purposes of defendant's Court-mandated sex

5  offender treatment, when defendant's treatment provider or the

6  probation officer has approved of defendant's possession of the

7  materials in advance.

8              iv.  <u>Contact with Others</u>: Defendant shall not contact

9  the victim by any means, including in person, by mail or electronic

10 means, or via third parties.  Further, defendant shall remain at

11 least 100 yards from the victim at all times.  If any contact occurs,

12 defendant shall immediately leave the area of contact and report the

13 contact to the Probation Officer.  Defendant shall not associate or

14 have verbal, written, telephonic, or electronic communication with

15 any person under the age of 18, except: (a) in the presence of the

16 parent or legal guardian of said minor; and (b) on the condition that

17 defendant notifies said parent or legal guardian of defendant's

18 conviction in the instant offense/prior offense.  This provision does

19 not encompass persons under the age of 18, such as waiters, cashiers,

20 ticket vendors, etc., with whom defendant must interact in order to

21 obtain ordinary and usual commercial services. Defendant shall not

22 frequent, or loiter, within 100 feet of school yards, parks, public

23 swimming pools, playgrounds, youth centers, video arcade facilities,

24 or other places primarily used by persons under the age of 18.

25 Defendant shall not affiliate with, own, control, volunteer or be

26 employed in any capacity by a business or organization that causes

27 defendant to regularly contact persons under the age of 18.

28 Defendant shall not affiliate with, own, control, or be employed in

1   any capacity by a business whose principal product is the production

2   or selling of materials depicting or describing "sexually explicit

3   conduct," as defined at 18 U.S.C. § 2256(2).  Defendant shall not

4   own, use or have access to the services of any commercial mail-

5   receiving agency, nor shall defendant open or maintain a post office

6   box, without the prior written approval of the Probation Officer.

7                v.   Employment: Defendant's employment shall be

8   approved by the Probation Officer, and any change in employment must

9   be pre-approved by the Probation Officer.  Defendant shall submit the

10  name and address of the proposed employer to the Probation Officer at

11  least ten days prior to any scheduled change.

12               vi.  Residence: Defendant shall not reside within

13  direct view of school yards, parks, public swimming pools,

14  playgrounds, youth centers, video arcade facilities, or other places

15  primarily used by persons under the age of 18.  Defendant's residence

16  shall be approved by the Probation Officer, and any change in

17  residence must be pre-approved by the Probation Officer.  Defendant

18  shall submit the address of the proposed residence to the Probation

19  Officer at least ten days prior to any scheduled move.

20               vii. Search: Defendant shall submit defendant's

21  person, and any property, house, residence, vehicle, papers,

22  computer, other electronic communication or data storage devices or

23  media, and effects to search at any time, with or without warrant, by

24  any law enforcement or Probation Officer with reasonable suspicion

25  concerning a violation of a condition of probation/supervised release

26  or unlawful conduct by defendant, and by any Probation Officer in the

27  lawful discharge of the officer's supervision function.

28

1          viii.     Computer: Defendant shall possess and use

2 only those computers and computer-related devices, screen user names,

3 passwords, email accounts, and internet service providers ("ISPs")

4 that have been disclosed to the Probation Officer upon commencement

5 of supervision.  Any changes or additions are to be disclosed to the

6 Probation Officer prior to defendant's first use.  Computers and

7 computer-related devices include personal computers, personal data

8 assistants ("PDAs"), internet appliances, electronic games, cellular

9 telephones, and digital storage media, as well as their peripheral

10 equipment, that can access, or can be modified to access, the

11 internet, electronic bulletin boards, and other computers.  All

12 computers, computer-related devices, and their peripheral equipment,

13 used by defendant shall be subject to search and seizure.  This shall

14 not apply to items used at the employment's site that are maintained

15 and monitored by the employer.  Defendant shall comply with the rules

16 and regulations of the Computer Monitoring Program.  Defendant shall

17 pay the cost of the Computer Monitoring Program, in an amount not to

18 exceed $32 per month per device connected to the internet.

19          k.    Not seek the discharge of any restitution obligation,

20 in whole or in part, in any present or future bankruptcy proceeding.

21                      THE USAO'S OBLIGATIONS

22      4.    The USAO agrees to:

23          a.    Not contest facts agreed to in this agreement.

24          b.    Abide by all agreements regarding sentencing contained

25 in this agreement and affirmatively recommend to the court that it

26 impose sentence in accordance with paragraph 17 of this agreement.

27          c.    At the time of sentencing, move to dismiss Count One

28 of the Indictment as against defendant.  Defendant agrees, however,

1  that at the time of sentencing the Court may consider any dismissed

2  charges in determining the applicable Sentencing Guidelines range,

3  the propriety and extent of any departure from that range, and the

4  sentence to be imposed.

NATURE OF THE OFFENSES

5

6      5.   Defendant understands that for defendant to be guilty of

7  the crime charged in Count Two, that is, Travel with Intent to Engage

8  in Illicit Sexual Conduct, in violation of Title 18, United States

9  Code, Section 2423(b), the following must be true: (1) Defendant is a

10 United States Citizen; (2) Defendant traveled in foreign commerce

11 from the United States to China; and (3) Defendant traveled for the

12 purpose of engaging in illicit sexual conduct.

13     6.   Defendant understands that for defendant to be guilty of

14 the crime charged in Count Three, that is, Engaging in Illicit Sexual

15 Conduct in Foreign Places, in violation of Title 18, United States

16 Code, Section 2423(c), the following must be true: (1) Defendant is a

17 United States Citizen; (2) Defendant traveled in foreign commerce

18 from the United States to China; and (3) while in China, Defendant

19 engaged in illicit sexual conduct with the victim.

PENALTIES AND RESTITUTION

20

21     7.   Defendant understands that the statutory maximum sentence

22 that the Court can impose for violations of Title 18, United States

23 Code, Sections 2423(b) or 2423(c), is: 30 years' imprisonment; a

24 lifetime period of supervised release; a fine of $250,000; and a

25 mandatory special assessment of $100.

26     8.   Defendant understands that defendant will be required to

27 pay full restitution to the victim of the offenses to which defendant

28 is pleading guilty.  Defendant agrees that, in return for the USAO's

1    compliance with its obligations under this agreement, the Court may

2    order restitution to persons other than the victim of the offenses to

3    which defendant is pleading guilty and in amounts greater than those

4    alleged in the counts to which defendant is pleading guilty.  In

5    particular, defendant agrees that the Court may order restitution

6    pursuant to 18 U.S.C. § 3663A(a)(3) to any victim of any of the

7    following for any losses suffered by that victim as a result: (a) any

8    relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

9    the offenses to which defendant is pleading guilty; and (b) any count

10   dismissed pursuant to this agreement as well as all relevant conduct,

11   as defined in U.S.S.G. § 1B1.3, in connection with those counts.

12        9.    Defendant understands that supervised release is a period

13   of time following imprisonment during which defendant will be subject

14   to various restrictions and requirements.  Defendant understands that

15   if defendant violates one or more of the conditions of any supervised

16   release imposed, defendant may be returned to prison for all or part

17   of the term of supervised release authorized by statute for the

18   offense that resulted in the term of supervised release, which could

19   result in defendant serving a total term of imprisonment greater than

20   the statutory maximum stated above.

21        10.   Defendant understands that as a condition of supervised

22   release, under Title 18, United States Code, Section 3583(d),

23   defendant will be required to register as a sex offender.  Defendant

24   understands that independent of supervised release, he will be

25   subject to federal and state registration requirements, for a

26   possible maximum term of registration up to and including life.

27   Defendant further understands that, under Title 18, United States

28   Code, Section 4042(c), notice will be provided to certain law

9

1   enforcement agencies upon his release from confinement following

2   conviction.

3       11.   Defendant understands that, by pleading guilty, defendant

4   may be giving up valuable government benefits and valuable civic

5   rights, such as the right to vote, the right to possess a firearm,

6   the right to hold office, and the right to serve on a jury.

7   Defendant understands that once the court accepts defendant's guilty

8   pleas, it will be a federal felony for defendant to possess a firearm

9   or ammunition.  Defendant understands that the convictions in this

10  case may also subject defendant to various other collateral

11  consequences, including but not limited to revocation of probation,

12  parole, or supervised release in another case and suspension or

13  revocation of a professional license.  Defendant understands that

14  unanticipated collateral consequences will not serve as grounds to

15  withdraw defendant's guilty pleas.

16      12.   Defendant understands that, if defendant is not a United

17  States citizen, the felony convictions in this case may subject

18  defendant to: removal, also known as deportation, which may, under

19  some circumstances, be mandatory; denial of citizenship; and denial

20  of admission to the United States in the future.  The court cannot,

21  and defendant's attorney also may not be able to, advise defendant

22  fully regarding the immigration consequences of the felony

23  convictions in this case.  Defendant understands that unexpected

24  immigration consequences will not serve as grounds to withdraw

25  defendant's guilty pleas.

26                          FACTUAL BASIS

27      13.   Defendant admits that defendant is, in fact, guilty of the

28  offense to which defendant is agreeing to plead guilty.  Defendant

1   and the USAO agree to the statement of facts provided below and agree

2   that this statement of facts is sufficient to support pleas of guilty

3   to the charges described in this agreement and to establish the

4   Sentencing Guidelines factors set forth in paragraph 15 below but is

5   not meant to be a complete recitation of all facts relevant to the

6   underlying criminal conduct or all facts known to either party that

7   relate to that conduct.

8           a.    Defendant is a U.S. citizen.  As charged in the

9   Indictment, in or around August 2009, defendant travelled to China

10  from the United States with the intent to engage in illicit sexual

11  conduct.  While in China, defendant engaged in illicit and sexually

12  explicit conduct with C.T., a minor who defendant knew to be 16 years

13  old at the time and who was in defendant's care or supervisory

14  control at the time.  Defendant produced child pornography of C.T.

15  during this travel.  Defendant also intended to, and did, knowingly

16  transport said child pornography to the United States, namely, to the

17  Central District of California.  Defendant stored said child

18  pornography of C.T. on his computer.

19          b.    Separate from defendant's production of child

20  pornography in China, on numerous occasions between 1998 and 2012,

21  defendant travelled from the United States to foreign countries where

22  he engaged in sexual contact with minor boys between the ages of 13

23  and 16 years old, and often gave the victims cash, goods, food, or

24  drink.

25          c.    Defendant acknowledges that under the United States

26  Sentencing Guidelines, his production and transport of child

27  pornography and his sexual contact with other minor victims in

28  foreign countries constitute conduct that is relevant to the charge

11

1   to which he is pleading guilty, and should be taken into

2   consideration for restitution and relevant conduct purposes under the

3   Guidelines.

4                   SENTENCING FACTORS AND AGREED-UPON SENTENCE

5        14.   Defendant understands that in determining defendant's

6   sentence the Court is required to calculate the applicable Sentencing

7   Guidelines range and to consider that range, possible departures

8   under the Sentencing Guidelines, and the other sentencing factors set

9   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

10  Sentencing Guidelines are advisory only.

11       15.   Defendant and the USAO agree to the following applicable

12  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Specific Offense Characteristics: | | |
| Minor less than 16 years old | +2 | U.S.S.G. § 2G2.1(b)(1)(A) |
| Sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Custody/Care of Minor | +2 | U.S.S.G. § 2G2.1(b)(5) |
| Use of Computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Total Offense Level: | 37 | |
| Criminal History Category: | II | |
| Guideline Range: | 235-293 months' imprisonment | |
| | $0-$250,000 fine | |

24       16.   The parties agree not to argue that any other specific

25  offense characteristics, adjustments, or departures be imposed.

26       17.   Defendant and the USAO agree that, taking into account the

27  factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

28  sentencing guideline factors set forth above, an appropriate

1  disposition of this case is that the Court impose a sentence of: not

2  less than 144 months' imprisonment and not more than 180 months'

3  imprisonment; 20 years supervised release with conditions to be fixed

4  by the Court which shall include the conditions set forth in

5  paragraph 3, above; no fine; a $200 special assessment; and

6  restitution in an amount to be determined by the Court, payable to

7  the victims of defendant's charged and relevant conduct as determined

8  by the Court.  The parties agree that restitution is to be paid

9  pursuant to a schedule to be fixed by the Court.  Defendant agrees

10  that such a schedule represents a minimum payment obligation, and

11  does not preclude the United States from pursing any other means by

12  which to satisfy his full and immediately enforceable financial

13  obligation.  The parties also agree that no prior imprisonment (other

14  than credits that the Bureau of Prisons may allow under 18 U.S.C.

15  § 3585(b)) may be credited against this stipulated sentence,

16  including credit under Sentencing Guideline § 5G1.3.

17                    WAIVER OF CONSTITUTIONAL RIGHTS

18       18.   Defendant understands that by pleading guilty, defendant

19  gives up the following rights:

20            a.   The right to persist in a plea of not guilty.

21            b.   The right to a speedy and public trial by jury.

22            c.   The right to be represented by counsel – and if

23  necessary have the court appoint counsel – at trial.  Defendant

24  understands, however, that, defendant retains the right to be

25  represented by counsel – and if necessary have the court appoint

26  counsel – at every other stage of the proceeding.

27

28

13

1      d.    The right to be presumed innocent and to have the

2  burden of proof placed on the government to prove defendant guilty

3  beyond a reasonable doubt.

4      e.    The right to confront and cross-examine witnesses

5  against defendant.

6      f.    The right to testify and to present evidence in

7  opposition to the charges, including the right to compel the

8  attendance of witnesses to testify.

9      g.    The right not to be compelled to testify, and, if

10 defendant chose not to testify or present evidence, to have that

11 choice not be used against defendant.

12     h.    Any and all rights to pursue any affirmative defenses,

13 Fourth Amendment or Fifth Amendment claims, and other pretrial

14 motions that have been filed or could be filed.

15                 WAIVER OF RETURN OF DIGITAL DATA

16    19.   Understanding that the government has in its possession

17 digital devices and/or digital media seized from defendant, defendant

18 waives any right to the return of digital data contained on those

19 digital devices and/or digital media and agrees that if any of these

20 digital devices and/or digital media are returned to defendant, the

21 government may delete all digital data from those digital devices

22 and/or digital media before they are returned to defendant.

23                 WAIVER OF APPEAL OF CONVICTION

24    20.   Defendant understands that, with the exception of an appeal

25 based on a claim that defendant's guilty pleas were involuntary, by

26 pleading guilty defendant is waiving and giving up any right to

27 appeal defendant's convictions on the offenses to which defendant is

28 pleading guilty.

                                 14

1         LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2         21.   Defendant agrees that, provided the Court imposes the

3    sentence specified in paragraph 17 above, defendant gives up the

4    right to appeal any portion of that sentence.

5         22.   The USAO agrees that, provided the Court imposes the

6    sentence specified in paragraph 17 above, the USAO gives up its right

7    to appeal any portion of the sentence.

8              RESULT OF WITHDRAWAL OF GUILTY PLEAS

9         23.   Defendant agrees that if, after entering guilty pleas

10   pursuant to this agreement, defendant seeks to withdraw and succeeds

11   in withdrawing defendant's guilty pleas on any basis other than a

12   claim and finding that entry into this plea agreement was

13   involuntary, then (1) the USAO will be relieved of all of its

14   obligations under this agreement; and (2) should the USAO choose to

15   pursue any charge that was either dismissed or not filed as a result

16   of this agreement, then (i) any applicable statute of limitations

17   will be tolled between the date of defendant's signing of this

18   agreement and the filing commencing any such action; and

19   (ii) defendant waives and gives up all defenses based on the statute

20   of limitations, any claim of pre-indictment delay, or any speedy

21   trial claim with respect to any such action, except to the extent

22   that such defenses existed as of the date of defendant's signing this

23   agreement.

24            RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25        24.   Defendant agrees that if any count of convictions are

26   vacated, reversed, or set aside, the USAO may: (a) ask the Court to

27   resentence defendant on any remaining counts of conviction, with both

28   the USAO and defendant being released from any stipulations regarding

15

1  sentencing contained in this agreement, (b) ask the Court to void the

2  entire plea agreement and vacate defendant's guilty pleas on any

3  remaining counts of conviction, with both the USAO and defendant

4  being released from all their obligations under this agreement, or

5  (c) leave defendant's remaining convictions, sentence, and plea

6  agreement intact.  Defendant agrees that the choice among these three

7  options rests in the exclusive discretion of the USAO.

8  <u>EFFECTIVE DATE OF AGREEMENT</u>

9      25.  This agreement is effective upon signature and execution of

10  all required certifications by defendant, defendant's counsel, and an

11  Assistant United States Attorney.

12  <u>BREACH OF AGREEMENT</u>

13      26.  Defendant agrees that if defendant, at any time after the

14  signature of this agreement and execution of all required

15  certifications by defendant, defendant's counsel, and an Assistant

16  United States Attorney, knowingly violates or fails to perform any of

17  defendant's obligations under this agreement ("a breach"), the USAO

18  may declare this agreement breached.  All of defendant's obligations

19  are material, a single breach of this agreement is sufficient for the

20  USAO to declare a breach, and defendant shall not be deemed to have

21  cured a breach without the express agreement of the USAO in writing.

22  If the USAO declares this agreement breached, and the Court finds

23  such a breach to have occurred, then: (a) if defendant has previously

24  entered guilty pleas pursuant to this agreement, defendant will not

25  be able to withdraw the guilty pleas, and (b) the USAO will be

26  relieved of all its obligations under this agreement.

27

28

27.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

28.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

17

1     29.  Defendant understands that both defendant and the USAO are

2  free to: (a) supplement the facts by supplying relevant information

3  to the United States Probation Office and the Court, (b) correct any

4  and all factual misstatements relating to the Court's Sentencing

5  Guidelines calculations and determination of sentence, and (c) argue

6  on appeal and collateral review that the Court's Sentencing

7  Guidelines calculations and the sentence it chooses to impose are not

8  error, although each party agrees to maintain its view that the

9  calculations in paragraph 15 are consistent with the facts of this

10  case.  While this paragraph permits both the USAO and defendant to

11  submit full and complete factual information to the United States

12  Probation Office and the Court, even if that factual information may

13  be viewed as inconsistent with the facts agreed to in this agreement,

14  this paragraph does not affect defendant's and the USAO's obligations

15  not to contest the facts agreed to in this agreement.

16                      NO ADDITIONAL AGREEMENTS

17     30.  Defendant understands that, except as set forth herein,

18  there are no promises, understandings, or agreements between the USAO

19  and defendant or defendant's attorney, and that no additional

20  promise, understanding, or agreement may be entered into unless in a

21  writing signed by all parties or on the record in court.

22  ///

23  ///

24  ///

25

26

27

28

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        31.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   NICOLA T. HANNA
    United States Attorney

9

10  _____          10/11/18
    DAMARIS DIAZ                          Date
11  Assistant United States Attorney

12  _____          10/10/18
    EZEQUIEL CHRISTOPHER BARRAGAN         Date
13  Defendant

14  _____          10/10/18
    JILL GINSTLING                       Date
15  Attorney for Defendant
    EZEQUIEL CHRISTOPHER BARRAGAN
16

17               CERTIFICATION OF DEFENDANT

18       I have read this agreement in its entirety.  I have had enough

19  time to review and consider this agreement, and I have carefully and

20  thoroughly discussed every part of it with my attorney.  I understand

21  the terms of this agreement, and I voluntarily agree to those terms.

22  I have discussed the evidence with my attorney, and my attorney has

23  advised me of my rights, of possible pretrial motions that might be

24  filed, of possible defenses that might be asserted either prior to or

25  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

26  of relevant Sentencing Guidelines provisions, and of the consequences

27  of entering into this agreement.  No promises, inducements, or

28  representations of any kind have been made to me other than those

                            19

1    contained in this agreement.  No one has threatened or forced me in

2    any way to enter into this agreement.  I am satisfied with the

3    representation of my attorney in this matter, and I am pleading

4    guilty because I am guilty of the charges and wish to take advantage

5    of the promises set forth in this agreement, and not for any other

6    reason.

7    _____          10/10/18

8    EZEQUIEL CHRISTOPHER BARRAGAN        Date
     Defendant

9

10                 CERTIFICATION OF DEFENDANT'S ATTORNEY

11       I am defendant EZEQUIEL CHRISTOPHER BARRAGAN's attorney.  I have

12   carefully and thoroughly discussed every part of this agreement with

13   my client.  Further, I have fully advised my client of his rights, of

14   possible pretrial motions that might be filed, of possible defenses

15   that might be asserted either prior to or at trial, of the sentencing

16   factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

17   Guidelines provisions, and of the consequences of entering into this

18   agreement.  To my knowledge: no promises, inducements, or

19   representations of any kind have been made to my client other than

20   those contained in this agreement; no one has threatened or forced my

21   client in any way to enter into this agreement; my client's decision

22   to enter into this agreement is an informed and voluntary one; and

23   the factual basis set forth in this agreement is sufficient to

24   support my client's entry of guilty pleas pursuant to this agreement.

25

26   _____          10/10/18

     JILL GINSLING                       Date
     Attorney for Defendant

27   EZEQUIEL CHRISTOPHER BARRAGAN

28

                                    20