NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302
     Facsimile: (213) 894-3713
     E-mail:    Damaris.Diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-53-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT FOR DEFENDANT EZEQUIEL CHRISTOPHER BARRAGAN |
| v. | |
| EZEQUIEL CHRISTOPHER BARRAGAN, | |
| Defendant. | Sentencing Date:   June 19, 2019<br>Sentencing Time:   1:30 p.m.<br>Location:   Courtroom of the Hon. André Birotte, Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Damaris Diaz, hereby files an initial response, pursuant to Federal Rule of Criminal Procedure 32(f), to the Presentence Investigation Report for defendant Ezequiel Christopher Barragan ("defendant").

///

///

///

The government reserves the right to file a complete sentencing position prior to sentencing.

Dated: March 25, 2019                    Respectfully submitted,

                                                 NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

          /s/
DAMARIS DIAZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**NOTICE OF OBJECTIONS TO PRESENTENCE REPORT**

Based on the Presentence Investigation Report ("PSR") for defendant Ezequiel Christopher Barragan ("defendant") filed on March 8, 2019 (Dkt. No. 31), the government hereby objects to the PSR's offense level calculation.

**I.   INTRODUCTION**

On October 23, 2018, defendant pled guilty to counts two and three of the Indictment, charging travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c).  (Dkt. 31.)  Defendant's guilty pleas were entered pursuant to a binding plea agreement, pursuant to Rule 11(c)(1)(C), filed on October 11, 2018.  (Dkt. 26.)[1]

On March 8, 2019, the United States Probation Office ("USPO") disclosed defendant's PSR and sentencing recommendation letter. (Dkts. 30, 31.)  According to the USPO, defendant's total offense level is 40 and his criminal history category is II, which results in an advisory Guidelines range of 324 to 405 months.  (PSR at p. 3.)[2] To the extent required by the plea agreement, the government objects to the USPO's Guidelines calculations, in that they differ from the agreed-upon calculations in the plea agreement.

---

[1] The government anticipates dismissing the remaining count against defendant at the time of sentencing pursuant to the plea agreement between the parties.

[2] As discussed below, the Guidelines range would properly be calculated as 360 months to life; however, due to the combined statutory maximum of 50 years, the Guidelines range is capped at 600 months.

**II.    STATEMENT OF FACTS**

As set forth in the plea agreement and PSR, in or around August 2009, defendant, a citizen of the United States, knowingly and traveled to China and engaged in sexual conduct with Victim C.T., who defendant knew to be 16 years old at the time, and who was in defendant's care or supervisory control at the time of the sexual conduct.  Defendant also produced child pornography of this Victim during his travel, which he transported to the United States and stored on his computer.

In Addition, defendant admitted that, on numerous occasions between 1998 and 2012, defendant travelled from the United States to foreign countries where he engaged in sexual contact with minor boys as young as 13 years old, to whom he gave cash, goods, food, or drink.

**III. THE PLEA AGREEMENT**

Pursuant to the Rule 11(c)(1)(C) plea agreement filed on October 11, 2018, the parties agreed on the following Sentencing Guidelines calculations:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2G2.1(a) |
| Specific Offense Characteristics: | | |
| Minor less than 16 years old | +2 | U.S.S.G. § 2G2.1(b)(1)(A) |
| Sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Custody/Care of Minor | +2 | U.S.S.G. § 2G2.1(b)(5) |
| Use of Computer | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |

(Plea Agreement ¶ 15.)  The parties agreed not to argue that any other specific offense characteristics, adjustments, or departures be imposed.  (Plea Agreement ¶ 16.)

**IV.  PSR GUIDELINES CALCULATIONS**[3]

The USPO calculated defendant's base offense level for counts two and three,[4] travel with intent and engaging in illicit sexual conduct in a foreign place, which group together, as 32, pursuant to U.S.S.G. §§ 2G2.1(a) and 2G1.3(c)(1).  (PSR ¶¶ 23-24.)  The USPO calculation included specific offense characteristics of an additional +2 for commission of a sexual act or sexual contact (PSR ¶ 26), +2 for having a minor in defendant's custody, care, or supervisory control (PSR ¶ 27), +2 for use of a computer (PSR ¶¶ 28-29), resulting in an offense level of 38.  The USPO calculation did not include an enhancement for involving a minor under the age of 16. (PSR ¶ 25.)

The USPO included an additional enhancement of +5 pursuant to U.S.S.G. § 4B1.5(b), for a repeat and dangerous sex offender.  (PSR ¶ 36-41.)  Following acceptance of responsibility, the PSR's total final offense level was 40.  With a criminal history category II, the PSR calculated defendant's Guidelines range at 324-405 months.

**V.  DISCUSSION**

As noted above, the Guidelines calculation agreed to by the parties differs from the PSR's calculation, and the government believes the offense level in the plea agreement accurately captures defendant's conduct.  To the extent required by the plea agreement, the government objects to the PSR's calculation, and recommends that the Court adopt the calculations agreed to in the plea agreement.

---

[3] See PSR ¶¶ 21-43.

[4] The PSR states that "Counts 1 and 2 are grouped together." (PSR ¶ 22.)  The government believes this is merely a typographical error, and should read "Counts 2 and 3 are grouped together."

3